UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CARL R. WAGENKNECHT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES, INTERNAL REVENUE SERVICE, et al.,<br><br>Defendants. | ) | CASE NO. 1:06 CV 0726<br><br>JUDGE JOHN R. ADAMS<br><br>MEMORANDUM OF OPINION |

On March 30, 2006, plaintiff Carl R. Wagenknecht filed this action pro se against the Internal Revenue Service (I.R.S.), the Commissioner of the I.R.S. and I.R.S. Appeals Team Manager Lawrence Phillips. Mr. Wagenknecht is seeking a 'redetermination' of the Notice of Determination ("Determination") issued by the I.R.S. Office of Appeals (Appeals Office) on March 1, 2006. He asserts that the findings and conclusions of the I.R.S. are invalid, null and void for reasons outlined in his complaint. For the reasons set forth below, this action is dismissed.

*Factual and Procedural Background*

Mr. Wagenknecht states that he filed a tax return with the I.R.S. on April 15, 1995

for tax year 1994.[1] Some time after this return was filed the I.R.S. initiated an audit of his income taxes. During the course of this process, Mr. Wagenknecht's "POA,"James Richie, allegedly offered $15,000.00 to I.R.S. agent Linda Vornhagen as a settlement for tax year 1994. The offer was not accepted. Mr. Richie then orally requested an appeal from Ms. Vornhagen regarding tax year 1994. A "timely" written request was also personally presented to Ms. Vornhagen by Jacqueline J. Miller-Wagenknecht; however, "[t]he 1994 Appeal has never taken place."

On October 15, 1997, Mr. Wagenknecht filed a tax return for tax year 1996.[2] And, he adds, the "Assessment Statutory Expiration Date (ASED) for 1996 was October 15, 2000." (Compl. at 6.) Without disclosing when or the manner in which he was contacted, Mr. Wagenknecht claims that I.R.S. agent Maureen Lippert asked him to sign a "waiver" to extend the ASED for tax year 1996 from October to June 30, 2001. He declined to honor her request. Ms. Lippert then served him with a "Third Party Record Keepers Administrative Summons" on July 6, 2000.

A Complaint/Petition to Quash Summons was filed by Mr. Wagenknecht in this court on July 25, 2000. See Wagenknecht v. United States, et al., No. 1:00cv1890 (filed July 25, 2000, J. Oliver). Two additional summonses were hand-delivered to Mr. Wagenknecht by Ms. Lippert on September 12, 2000. In response, he filed another Complaint/Petition to Quash Summons in this court in October 2000. See Wagenknecht v. United States, et al., No.

---

[1]He notes that the "Assessment Statutory Expiration Date (ASED) for 1994 was April 15, 1998. The Collection Statutory Expiration Date (CSED) for 1994 was June 5, 2005." (Compl. at 5.) He claims that he never signed a waiver to extend either the ASED or the CSED.

[2]Mr. Wagenknecht does not state when or if he filed a tax return for tax year 1995.

1:00cv2510 (filed Oct. 2, 2000, J. Gaughan).[3] The I.R.S. allegedly withdrew its July 6, 2000 summonses on October 23, 2000. As a consequence, the United States moved to dismiss the complaint as moot. Judge Oliver granted the motion and the case was dismissed on October 31, 2000.

A meeting between Mr. Wagenknecht and the I.R.S. was scheduled for December 29, 2000. It was Mr. Wagenknecht's belief that the meeting would provide an opportunity for him to "appeal tax year 1994." Instead, he complains, the I.R.S. "arbitrarily" changed the meeting to a "tax reconsideration for the year 1994, [as] opposed to the appeal that had been requested." (Compl. at 8.) Although Mr. Wagenknecht's POA was continuously in contact with the I.R.S. before and after the scheduled meeting, "[a]s of this time and date the I.R.S. has failed, refused and/or neglected to schedule the appeal." (Compl. at 8.)

On February 26, 2001, Judge Gaughan dismissed the complaint filed by Mr. Wagenknecht and he appealed her judgment on March 22, 2001. The Sixth Circuit Court of Appeals affirmed the district court's decision and Mr. Wagenknecht filed a petition for writ of certiorari in the Supreme Court. The Court denied his petition on June 24, 2002.

A Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, dated March 31, 2004, was sent to Mr. Wagenknecht by certified mail-return receipt. The notice, signed by I.R.S. Revenue Officer Kathi Rebellino, advised that his federal taxes had still not been paid, and in spite of prior requests to pay the amount owed the I.R.S. had not received payment.

---

[3]The complaint was filed by Carl Wagenknecht and Jacqueline J. Miller-Wagenknecht. They asserted the court's jurisdiction pursuant to 26 U.S.C. § 7609(h) and challenged, as overly broad, the summonses issued to them by the I.R.S. for Ohio Savings Bank and Third Federal Savings and Loan.

As such, the I.R.S. expressed its intent to levy under IRC § 633, as well as his right to receive Appeals consideration pursuant to IRC § 6330. At the bottom of the second page of the notice, Ms. Rebellino outlined the amount Mr. Wagenknecht owed, as follows:

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty | Additional Interest | AMOUNT YOU OWE |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | $11644.72 | $2043.25 | $6994.62 | $20682.59 |
| CIVPEN | 12/31/1994 | $500.00 | $0.00 | $28.75 | $528.75 |
| CIVPEN | 12/31/1995 | $500.00 | $0.00 | $28.55 | $528.75 |
| 1040 | 12/31/1996 | $281160.39 | $15134.95 | $17430.62 | $313725.96 |
| CIVPEN | 12/31/1996 | $502.55 | $0.00 | $38.78 | $541.33 |
| | | | | Total: | $336007.38 |

(Pl.'s Ex. B, at 2.) Mr. Wagenknecht exercised his right to an Appeal pursuant to § 6330 and submitted a Request for a Collection Due Process (CDP) Hearing (Form 12153) for tax years 1994, 1995 and 1996, only. The I.R.S. received his request on April 29, 2004.

A review of the attachments indicates that the I.R.S. sent a letter dated August 22, 2005 to Mr. Wagenknecht advising him to set forth in writing "the legitimate issues you would discuss relevant to paying you tax liability." (Pl.'s Ex. A, at 2.) He was also "asked to submit a completed Form 433A, Collection Information Statement and file Forms 1040 for 1997 through 2004 with the Settlement Officer prior to the scheduled telephone conference for September 26, 2005, if you would like us to consider any collection alternatives such as an installment agreement or offer in compromise." (Pl.'s Ex. A, at 2.) After receiving a lengthy document from Mr. Wagenknecht, dated October 12, 2005, the I.R.S. Settlement Officer extended the date of the CDP hearing to November 21, 2005, by mutual consent.

The CDP Hearing was conducted by telephone on November 21, 2005. At no time prior to the CDP hearing did Mr. Wagenknecht raise any issues relative to the civil penalties

which were at issue. The I.R.S. further advised that he "did not raise any relevant issues relating to the civil penalties in your correspondence we received October 12, 2005." (Pl.'s Ex. A.at 2.) Instead, Mr. Wagenknecht explained during the hearing that he would have discussed collection alternatives 'but for' the fact that the I.R.S. failed to ever establish his underlying income tax liability.

A Notice of Determination, dated March 1, 2006, was issued by Lawrence Phillips, I.R.S. Appeals Team Manager, and addressed directly to Mr. Wagenknecht. Mr. Phillips noted that the Determination covered the collection due process hearing held on November 21, 2005 regarding Mr. Wagenknecht's civil penalties for the 1994, 1995 and 1996 tax periods. Separate levy notices were mailed on March 31, 2004 alerting Mr. Wagenknecht that civil penalties were assessed for the 1994, 1995 and 1996 tax periods. The Determination concluded that the proposed levy action for the applicable periods should be sustained, and that the I.R.S. complied with applicable laws and procedures. In support of the Determination, some of the following facts were outlined:

- the assessment was made on the applicable Collection Due Process notice periods per IRC § 6702

- IRC § 6321 provides for a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand.

- IRC § 6303 requires notice and demand be given with 60 days after making assessment of a tax. . . . Transcripts show this notice was sent to you via regular mail for each period.

- There was a balance due when the Collection Due Process notice was issued per IRC §§ 6322 and 6331(a).

* * *

- IRC §6330(a) provides that no levy may be made unless the Service notifies a taxpayer of the opportunity for a hearing with Appeals. A FINAL NOTICE-NOTICE OF INTENT TO LEVY AND YOUR RIGHT TO A HEARING was sent to you be certified mail on **March 31, 2004.** Transcripts show that this notice was mailed to you.

- The statute for collection has been suspended since **April 29, 2004**, while this appeal has been pending.

- You were given the opportunity to raise any relevant issues relating to the unpaid tax or the proposed levy at the hearing in accordance with IRC § 6330(c)**.**

(Pl. Ex. A-3, emphasis in original).

It is from this Determination that Mr. Wagenknecht now seeks relief from this court pursuant to 26 U.S.C. § 6330(d)(1)(B). He sets forth the following:

i. The I.R.S. issued time-barred Notices of Deficiency for tax years 1994 and 1996. Therefore, any actions taken as a result of these Notices are null and void.

ii. The I.R.S. erred when it issued a Notice of Deficiency for tax year 1994 "while still in examination." (Comp. at 16.)

iii. The I.R.S. erred when it refused to accept payment for taxes allegedly owed for 1994 and/or 1996.

iv. The I.R.S. erred when it stated he did not file for years 1997 through the present because he did comply with IRC 6011 for each of the before mentioned years.

v. Defendant erred when it stated that "we have not received your income tax returns, . . . we were unable to consider any collection alternative, . . . you failed to demonstrate that the proposed collection is overly intrusive or that a better collection alternative is available." (Compl. at 18.)

vi. Defendant erred when it alleged he refused to provide requested financial information.

vii. Defendant erred in inferring that Plaintiff did not consider innocent spouse relief.

viii. Defendant erred when Defendant determined that IRC sections 6201, 6321, 6303, 6322, 6331, 6330, and 6702 applied to Plaintiff.

ix. Defendant erred when Defendant determined that IRC sections 6201, 6321, 6303, 6322, 6331, 6330, and 6702 gave jurisdiction over Plaintiff.

x. Defendant erred when Defendant did not issue a separate "Final Notice/Notice of Intent to Levy and Notice of Your Right To a Hearing but included the Civil Penalties in the "Final Notice/Notice of Intent to Levy and Notice of Your Right To a Hearing" dated March 31, 2004.

Mr. Wagenknecht asks this court to discharge any debt for alleged taxes and penalties he owes for tax years 1994, 1995 and 1996 because the I.R.S. refused to accept payment when it was offered.

*Analysis*

The court cannot ignore several conclusory pronouncements that thread through the body of this complaint. Namely, that "[f]or Tax Years 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004 Plaintiff is in compliance with IRC 6011."[4] (Compl. at 13.) If, in fact, Mr. Wagenknecht filed his tax returns in compliance with the Code then his declaration that "the term 'return' is not defined in the Internal Revenue Code" is contradictory. To add further incongruity, he then concludes that he has "paid more to the I.R.S. than the I.R.S. alleged Plaintiff owed [and] . . . [is] entitled to a return of monies for each of the before mentioned years." (Compl. at 14.) He further concludes that he has "zero tax liability and I.R.S. lacks jurisdiction" because the I.R.S. has never challenged his declarations.

[4]The relevant statute states:

> When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations.

26 U.S.C. § 6011(2006)

As an aside, Mr. Wagenknecht notes that "[t]here is a question as to whether or not petitioner and J. J. Miller-Wagenknecht a.k.a. Jacqueline J. Miller-Zuercher a.k.a. J. J. Miller-Zuercher a.k.a. Jacqueline J. Zuercher were legally married when join tax returns for 1994, 1995, and 1996 were made. It has recently been discovered that Jacqueline J. Miller was legally married to LaRue Zeurcher on or about October 1983 and as of this time and date there is no evidence to support that the marriage was legally dissolved."[5] (Compl. at 15.)

*Law and Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

I. Standard of Review

In the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub.L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted two new sections; namely 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide due process protections for

[5] The court cannot presuppose that the surname of LaRue Zeurcher is mispelled.

taxpayers in tax collection matters. Under section 6330 the I.R.S. cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until that taxpayer has been provided notice of and the opportunity for an administrative review of the matter. This is accomplished through an Appeals Office due process hearing, or Collection Due Process (CDP) hearing. And, if the taxpayer is dissatisfied, he is entitled to judicial review of the administrative determination. See 26 U.S.C. § 6330.

There is no prescribed standard of review set forth in § 6330 that a court must apply in reviewing the I.R.S.'s administrative determinations. However, the legislative history of the provision does address this issue, as follows:

> *Judicial review*. The conferees expect the appeals officer will prepare a written determination addressing the issues presented by the taxpayer and considered at the hearing.... Where the validity of the tax liability was properly at issue in the hearing ... [t]he amount of the tax liability will in such cases be reviewed by the appropriate court on a de novo basis. Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for abuse of discretion.

H.R. CONF. REP. NO. 105-599, at 266 (1998); see Sego v. Commissioner, 114 T.C. 604 (2000) (setting out the same standard); see also Carroll v. United States, 217 F.Supp.2d 852, 855 (W.D.Tenn.2002)("district courts within the circuit have adopted the abuse of discretion standard in I.R.S. cases citing the legislative history of § 6330(d)"). Thus, in cases where the validity of the underlying tax liability is properly at issue, the matter is reviewed de novo. Otherwise, when the underlying tax liability is not properly before the court, "a determination will be affirmed unless the court determines with a 'definite and firm conviction' that a clear error of judgment has been committed." Carroll, 217 F.Supp.2d at 856 (quoting Cincinnati I.N.S. Co. v. Byers, 151

F.3d 574, 578 (6th Cir.1998)).

II. Underlying Tax Liabilities for 1994-96

The issues that can be discussed during a CDP hearing are limited to:(i) appropriate spousal defenses; (ii) challenges to the appropriateness of collection actions; and (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer- in-compromise. 26 U.S.C. § 6330(c)(2)(A). The taxpayer may also raise "challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). Mr. Wagenknecht contends that during the CDP hearing he was precluded from challenging the §6702 civil penalties assessed by the I.R.S. because he still disputes the existence of any income tax liability for 1994-96. While he also makes vague arguments questioning the jurisdictional reach of the I.R.S. over him, the question of whether he is required to pay income tax was asked and answered long before he filed the tax returns at issue. Wages are income, see 26 U.S.C. § 61, upon which one owes a tax, see 26 U.S.C. § 1, and courts--including the Sixth Circuit--have found arguments to the contrary to be bromidic and frivolous. See, e.g., Sisemore v. United States, 797 F.2d 268, 270 (6th Cir.1986); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir.1986); Sullivan v. United States, 788 F.2d 813, 815 (1st Cir.1986); Olson v. United States, 760 F.2d 1003, 1005 (9th Cir.1985); In re Hopkins, 192 B.R. 760, 762-63 (D.Nev.1995).

Moreover, the Sixth Circuit has held that "[t]he Tax Court has jurisdiction over income tax issues and liabilities ... [t]hus, if the § 6330 proceeding involves income tax issues,

the district court does not have jurisdiction to consider the case." Diefenbaugh v. White, No. 00-3344, 2000 WL 1679510, at *1 (6th Cir. Nov. 10, 2000). Thus, even if Mr. Wagenknecht properly challenged his income tax liability this court lacks jurisdiction to address that issue.[6]

III. 26 U.S.C. § 6702 - *Civil Penalties*

This court does have subject matter jurisdiction over any challenge to civil penalties assessed under § 6702. This section imposes a penalty if a person files an income tax return that "does not contain information on which the substantial correctness of the self-assessment may be judged," or appears on its face to be "substantially incorrect," which is due to the taxpayer taking a position that is "frivolous" or a "desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws." 26 U.S.C. § 6702(a)(1), (2)(2006).

In a frivolous return penalty case, a person "must bring suit in district court to determine his liability for [a section 6702] penalty." 26 U.S.C. § 6703(c)(2). See Colton v. Gibbs, 902 F.2d 1462 (9th Cir.1990); Reinhart v. I.R.S., 2002 WL 1095351 at *4 (E.D.Cal. May 24, 2002) ("[i]n the case of a frivolous return penalty under 26 U.S.C. § 6702, the district court is the proper reviewing court."). Therefore, Mr. Wagenknecht has appropriately raised his civil penalty challenges in this court.

As noted above, Mr. Wagenknecht cannot refuse to pay civil penalties based simply on his belief that I.R.S. tax codes do not apply to him, or that he is not required to pay

[6]This would include his attack on the timeliness of the Notices of Deficiency. Although he cites the I.R.S.'s noncompliance with 26 U.S.C. § 7609, the general rules regarding the limitations period on the assessment and collection of income taxes are set forth in 26 U.S.C. § 6501(e).

income taxes as a general rule. At no point in his pleading or in any attachments to the complaint does he dispute the fact that the I.R.S. challenged the tax returns he filed in 1994, 1995, and 1996. Section 6702 applies to all tax returns, including amended returns. See Branch v. I.R.S., 846 F.2d 36, 37 (8th Cir.1988) (per curiam); Sisemore v. United States, 797 F.2d 268, 270 (6th Cir.), cert. denied, 479 U.S. 849 (1986). Mr. Wagenknecht has not set forth a single allegation to support his claim that the I.R.S. was not justified in imposing separate $500 penalties for tax years 1994, 1995, and 1996, or that it was required to give notice before doing so. See 26 U.S.C. § 6703(b)("Subchapter B of chapter 63 (relating to deficiency procedures) shall not apply with respect to the assessment or collection of the penalties provided by sections 6700, 6701, and 6702".) Accordingly, Mr. Wagenknecht is not entitled to the relief he seeks.

Based on the foregoing, the I.R.S. properly assessed civil penalties pursuant to § 6702 for tax years 1994,1995 and 1995 and his claims regarding those penalties are dismissed on the merits. However, the court finds that it does not have subject matter jurisdiction over plaintiff's income tax liability or procedural due process claims arising under 26 U.S.C. § 6330. Because the tax court has jurisdiction over these claims, they are **dismissed** without prejudice pursuant to 28 U.S.C. § 1406. Mr. Wagenknecht shall have thirty (30) days from the date of entry of this Memorandum and the accompanying Order to appeal the IRS Appeals Office determination with the Tax Court, pursuant to 26 U.S.C. § 6330(d)(1)(B).The court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

Date: May 30, 2006

S/John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

[7] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.