UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CARL R. WAGENKNECHT, | ) | CASE NO. 1:06 CV 0726 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES INTERNAL REVENUE SERVICE, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

Before the court is pro se plaintiff Carl Wagenknecht's Motion for Relief from Judgment pursuant to Federal Civil Rule 60(b). On May 30, 2006, this court dismissed his civil action against the Internal Revenue Service (I.R.S.) based, in part, on a lack of subject matter jurisdiction. Mr. Wagenknecht now seeks an order setting aside this court's dismissal to allow him (1) to amend his original complaint; (2) participate in discovery; and/or (3) attend a hearing before the court on the merits of his case.

*Civil Rule 60(b)*

A Rule 60(b) motion may be granted only for the following specified reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence which by due diligence

>could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). Here, Mr. Wagenknecht argues that the court should not have dismissed his complaint sua sponte because he paid the filing fee, his claims against the I.R.S. were supported in his complaint, he later "discovered" that the Individual Master Files for he and Jacqueline Miller-Wagenknecht "documents that for Tax Years 1994, 1995, and 1996 the $500.00 Civil Penalties were paid," and, in accordance with Public Law 97-248 Tax Equity and Fiscal Responsibility Senate Report, civil penalties should not have been imposed because a "valid dispute exists between Plaintiff and Defendants." (Mot. for Relief at 2-3.) Because none of these reasons invoke any of the first five grounds for relief enumerated under 60(b), the court will construe Mr. Wagenknecht's request under subsection 60(b)(6) as "any other reason justifying relief" from judgment.

Under subsection 60(b)(6), a pleader is entitled to relief only in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990). A careful review of Mr. Wagenknecht's motion reveals that his requested basis for relief is premised on his opinion that this court was not authorized to dismiss his complaint sua sponte because he paid the filing fee and he was not required to pay a $500.00 frivolous tax penalty because no underlying income tax liability exists. Neither argument, however, justifies the relief he is seeking nor is it supported by existing case law.

2

Quoting Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999), this court dismissed plaintiff's complaint based on the fact that a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Id. at 479. Allowing Mr. Wagenknecht to amend his complaint could not resurrect his implausible argument that his refusal to pay civil tax penalties is justifiable because the Tax Code does not apply to him and he is not required to pay federal income taxes.

With regard to the challenges to Mr. Wagenknecht's civil tax penalties and his underlying income tax liability, this court held that:

> Based on the foregoing, the I.R.S. properly assessed civil penalties pursuant to § 6702 for tax years 1994,1995 and 1995 and his claims regarding those penalties are dismissed on the merits. However, the court finds that it does not have subject matter jurisdiction over plaintiff's income tax liability or procedural due process claims arising under 26 U.S.C. § 6330. Because the tax court has jurisdiction over these claims, they are **dismissed** without prejudice pursuant to 28 U.S.C. § 1406.

Wagenknecht v. I.R.S., No. 1:06cv0726, Mem. of Op. at 12 (N.D. Ohio, dismissed May 30, 2006)(emphasis in original). Contrary to the assertions in his Motion for Relief, the complaint did not allege any facts that supported his claim that I.R.S. improperly imposed a $500.00 civil penalty. To the extent that his argument was chiefly based on a challenge to his underlying income liability, this court lacked jurisdiction over such a claim. Accordingly, sua sponte dismissal was proper in a case in which the court clearly lacked jurisdiction. McLaughlin v. Cotner, 193 F.3d 410, 412-13 (6th Cir.1999), cert. denied, 529 U.S. 1008 (2000).

Based on the foregoing, Mr. Wagenknecht has not set forth any basis upon which this court could grant his request. Accordingly, his Motion for Relief is **denied**.

IT IS SO ORDERED.

    s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT COURT

Dated: January 11, 2007